IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN K. WALTON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHEAL MYERS, Director; WEST, Captain; SULLIVAN, Lt; MOSS, Sgt; GILLISPIE; and PENAHERRARA, Officer,<br><br>　　　　　Defendants. | **8:20CV224**<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　Plaintiff, John K. Walton ("Walton"), was a pretrial detainee confined at the Douglas County Correctional Center ("DCCC") in Omaha, Nebraska, when he filed his pro se Complaint (Filing 1) on June 11, 2020. Although Walton has since been released from jail, his Complaint remains subject to initial review under 28 U.S.C. § 1915A for a determination of whether summary dismissal is appropriate. *See Mister v. Obadina*, No. 19-CV-00148-NJR, 2019 WL 1978343, at *1 n. 2 (S.D. Ill. May 3, 2019) ("A Section 1915A review is triggered when the plaintiff is a prisoner at the time of filing the complaint, whether or not the plaintiff is subsequently released from prison.") (citing *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 669 n.1 (7th Cir. 2012)). Walton has also been granted leave to proceed in forma pauperis ("IFP"), first as a prisoner on June 18, 2020 (see Filing 7), and then as a non-prisoner on December 16, 2020 (see Filing 20), so his Complaint is subject to initial review under 28 U.S.C. § 1915(e)(2), as well.

I. LEGAL STANDARDS ON INITIAL REVIEW

　　　The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Walton indicates this is a civil rights action brought under 42 U.S.C. § 1983 and alleges the defendants violated his "right to be personal in front of staff in order to ask them what I need and not get assaulted for being frank with officers." (Filing

2

1 at 3.) Although Walton claims his rights were violated under the Seventeenth and Nineteenth Amendments to the United States Constitution (*ibid*.), it is apparent his claims instead arise under the Fourteenth Amendment's Due Process Clause.[1]

There are six named Defendants: (1) Micheal [*sic*] Myers, who is identified as the Director of DCCC; (2) Capt. West, who is sued in his or her official capacity; (3) Lt. Sullivan, who is sued in his or her official capacity; (4) Sgt. Moss, who is sued in his or her official capacity; (5) Officer Gillispie, who is sued in his or her individual capacity; and (6) Officer Penaherrara. Because Walton does not specify in which capacity Director Myers and Officer Penaherrara are being sued, the court must assume his claims are brought against these two Defendants in their official capacities only. See *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.").

The handwritten Complaint is extremely difficult to read, and portions are completely illegible, but, in general, Walton alleges (1) his right hand was broken when Officer Penaherrara picked him up and bent his arm backwards, and (2) he suffered a gash under his left eye after being struck by Officer Gillispie. Walton allegedly sustained these injuries between April 10 and April 13, 2020.

### III. DISCUSSION

Excessive force claims of pretrial detainees, such as Walton, are analyzed under an objective reasonableness standard. *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S.

---

[1] The Seventeenth Amendment requires the popular election of senators, and the Nineteenth Amendment gave women the right to vote.

389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* (quoting *Kingsley*, 576 U.S. at 397).

There simply are not enough facts alleged in Walton's Complaint to permit a reasonable inference to be drawn that Officers Penaherrara and Gillispie violated Walton's constitutional rights. Without being provided more information concerning the circumstances under which the officers were acting, there is not a sufficient factual basis for concluding their actions were objectively unreasonable.

Director Myers, Captain West, Lieutenant Sullivan, and Sergeant Moss are not alleged to have physically injured Walton or engaged in any other misconduct. Also, because these four Defendants and Officer Penaherrara are sued only in their official capacities, any claims made against them are in effect being made against Douglas County. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535 (8th Cir. 1999); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.").

To prevail on a claim alleged against Douglas County, Walton must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City*

4

*of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action ... made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). "[A] plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating '(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation.'" *Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Walton's allegations fail to show that any actions were taken pursuant to a policy or custom of Douglas County.[2] "Although [a plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from ... which the court could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016).

On its own motion, the court will grant Walton leave to file an amended complaint. If Walton chooses to bring an individual-capacity claim against Officer Penaherrara or any other Defendant, he should keep in mind that he "must plead that each Government-official defendant, through the official's own individual actions,

---

[2] Walton merely alleges that "the Director trains each officer to protect themselves, but they sometimes go overboard." (Filing 1 at 8.)

has violated the Constitution." *Iqbal*, 556 U.S. (2009). That is to say, Walton must explain how each Defendant *personally* participated in the alleged constitutional violation.

Finally, Walton has filed a motion for appointment of counsel (Filing 17). The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* No such benefit is apparent at this time. Thus, Walton's request for the appointment of counsel will be denied without prejudice.

## IV. CONCLUSION

In its present form, Walton's Complaint fails to state a claim upon which relief may be granted against any Defendant, and therefore is subject to preservice dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. On the court's own motion, however, Walton shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief. But if an amended complaint is not filed in a timely manner, this action will be dismissed.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment

of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **February 5, 2021—amended complaint due.**

5. Plaintiff's motion to appoint counsel (Filing 17) is denied without prejudice to reassertion.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 6th day of January, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge