IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN K. WALTON,

                    Plaintiff,

        vs.

MICHEAL MYERS, Director;
WEST, Captain; SULLIVAN, Lt;
MOSS, Sgt; GILLISPIE, Officer, and
PENAHERRARA, Officer,

                    Defendants.

8:20CV224

MEMORANDUM
AND ORDER

This matter is before the court on Plaintiff's motion for extension of time (Filing 28), which was filed on March 10, 2020. Plaintiff, who appears pro se, requests an unspecified additional amount of time to file an amended complaint, because he is waiting for drafting assistance from the ACLU and NAACP.

This action was originally filed on June 11, 2020, when Plaintiff was a pretrial detainee at the Douglas County Correctional Center. Plaintiff was granted leave to proceed in forma pauperis ("IFP"), and, after obtaining several extensions of time (see Filings 10, 12, 14, 16), paid the initial partial filing fee in November. A short time later, Plaintiff was released from jail, and, on December 16, 2020, was granted leave to proceed IFP as a non-prisoner. The court then conducted an initial review of Plaintiff's Complaint (Filing 1) pursuant to 28 U.S.C. § 1915(e)(2) and 1915A.

In a Memorandum and Order entered on January 6, 2021 (Filing 23), the court determined the Complaint fails to state a claim upon which relief may be granted, but on its own motion gave Plaintiff 30 days in which to file an amended complaint. Plaintiff subsequently was granted a 30-day extension, until March 8, 2021. (Filing 25.) When Plaintiff did not meet this deadline, the court dismissed the action without prejudice and entered judgment on March 9, 2021 (Filings 26, 27). The pending motion for extension of time was filed the following day.

Because Plaintiff's motion was not filed prior to entry of judgment, it must be treated as a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b).[1] Rule 60(b)(1) allows a court, "upon such terms as are just," to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Generally, neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005); *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000). The court does, nonetheless, have the discretion to excuse late filings caused by inadvertence, mistake, or carelessness, after considering the possibility of prejudice to the opposing party, the length of the delay, the reasons for the delay, and whether the party acted in good faith. *Est. of Lucille Ann Walahoski v. Evangelical Lutheran Good Samaritan Soc'ty*, No. 4:20-CV-3026, 2020 WL 8970617, at *2 (D. Neb. Mar. 24, 2020) (citing *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855-56 (8th Cir. 1999)). Here, the motion was filed only one day after entry of judgment, and the case has not yet proceeded to service of process. It is not known what occasioned the delay, but Plaintiff notes in his motion, which is dated March 7, 2021, that the amended complaint was due on March 8, 2021. Plaintiff may have erroneously believed that placing the motion in the mail by March 8, 2021, was sufficient.[2] No bad faith is evident.

A separate question is whether Plaintiff should be granted another extension of time. Although the reason given by Plaintiff for requesting more time to plead is suspect, the court will give Plaintiff 30 days from today's date to file an amended complaint. Plaintiff is warned that the amended complaint must actually be received by the clerk of the court for filing by that deadline. Plaintiff is also advised that the court is not likely to grant another extension of time.

---

[1] Even if the court had not entered judgment on March 8, 2021, the motion for extension of time would still have been untimely filed, and could only have been considered by the court if Plaintiff "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

[2] Although Plaintiff's mailing to the court was postmarked March 8, 2021, this does not constitute the filing date. Prisoners receive the benefit of a "prison mailbox rule" in federal court because they do not have complete control over the mailing, see *Sulik v. Taney County,* 316 F.3d 813, 815 (8th Cir. 2003), but Plaintiff is no longer a prisoner.

IT IS THEREFORE ORDERED:

1. The court's Memorandum and Order entered on March 9, 2021 (Filing 26) is withdrawn.

2. The court's Judgment entered on March 9, 2021 (Filing 27), is set aside and vacated.

3. Plaintiff's motion for extension of time (Filing 28) is granted, as follows: Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. **Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.**

4. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **May 10, 2021—amended complaint due.**

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 8th day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3